## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| DIAMONO YONLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00059-TWP-KMB |
| | ) | |
| SNYDER'S LANE, INC. | ) | |
| d/b/a CAMPBELL'S SNACKS, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY SCREENING COMPLAINT,
## ORDER ON MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL, AND
## NOTICE TO *PRO SE* PLAINTIFF REGARDING SERVICE OF PROCESS

This matter is before the Court for screening of *pro se* Plaintiff Diamono Yonli's ("Yonli") Complaint. On April 29, 2024, Yonli, initiated this civil action by filing his fill-in-the-blank Complaint for Employment Discrimination against Defendant Snyder's Lane, Inc. d/b/a Campbell's Snacks ("Campbell's") (Dkt. 1). The same day, Yonli filed a motion for leave to proceed *in forma pauperis* (Dkt. 2) and a Motion for Assistance with Recruiting Counsel (Dkt. 3). On May 6, 2024, the Court denied Yonli's request to proceed *in forma pauperis* (Dkt. 7), and on May 10, 2024, Yonli paid the filing fee for bringing this action. This matter is now before the Court for screening and for a ruling on Yonli's Motion for Assistance.

## I.   DISCUSSION

### A.   Screening

The Seventh Circuit has explained,

[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**B.     <u>Yonli's Complaint</u>**

On his fill-in-the-blank Complaint form, Yonli checked the boxes for employment discrimination based upon Title VII of the Civil Rights Act of 1964 and the Americans with Disability Act of 1990 for "failure to promote me," "failure to accommodate my disability," "unequal terms and conditions of my employment," and "retaliation" based upon national origin and disability or perceived disability (Dkt. 1 at 4–5).

Yonli has worked as a production machine operator for Campbell's in Jeffersonville, Indiana, since 2022. *Id.* at 5. Yonli alleges that since July 2022, he has been treated differently because of his national origin, Burkina Faso, and his disability, diabetes. Specifically, Yonli has

applied for several promotions for which he is qualified, but Campbell's did not interview or hire him for any of those positions. *Id.* at 5. Though Yonli does not explain how Campbell's refusal to promote him relates to his national origin or disability, he describes a pattern of instances in which he was treated differently on those bases.

In May 2023, Yonli was written up for "'taking a break when no one told [him] to," even though other employees who took breaks were not disciplined (Dkt. 1-1 at 9). In June 2023, for example, Yonli's supervisor permitted employees who are not in Yonli's protected classes to take five forty-minute breaks but allowed Yonli to take only four twenty-minute breaks (Dkt. 1 at 5). Also in June 2023, Yonli "attempted to comply with workplace policy and have [his] machine shut down when [he] needed to step away from it," but his supervisor told him he could not (Dkt. 1-1 at 9). When Yonli explained that he needed to step away due to his diabetes, the supervisor responded that he "'didn't care.'" However, other employees not in Yonli's protected classes "were able to turn their machines off with no issue." *Id.*

Additionally, in August 2023, Yonli was on one of his scheduled breaks when his supervisor told him to get back to work. *Id.* Yonli informed the supervisor that he was on his break, but the supervisor forced Yonli back to work anyway. No other employees were told to get back to work while on their breaks. Yonli alleges he is "the only person of [his] national origin who would be continuously made to break workplace policy." *Id.* He asked his supervisor "why [he] was being treated differently than other employees but received no answer." *Id.* Then, in December 2023, the operation manager requested that Human Resources reduce Yonli's breaks from thirty to fifteen

minutes and reduce Yonli's lunch break to twenty minutes.[1] (Dkt. 1 at 5). Yonli claims he has suffered emotional and financial harm, including lost wages, as the result of Campbell's conduct.

At this time, the Court has not determined that the action must be dismissed pursuant to § 1915(e) and therefore **shall proceed**. This ruling is without prejudice to the filing of a proper Rule 12 Motion.

## C.     Motion for Assistance with Recruiting Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

Yonli provides a list of attorneys and law firms that he has contacted seeking assistance of counsel and asserts that he has been unsuccessful. Although the Court concludes that Yonli has made a reasonable effort to secure representation, he should continue those efforts.

The Court proceeds to the second inquiry required in these circumstances. Here, the Court must analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655. Moreover, the Seventh Circuit has held that "until the defendants respond to the

---

[1] Yonli appears to be inferring that the reduction in his break time was retaliation for his earlier question about unequal treatment, though Yonli does not explicitly allege as much. The Court liberally construes *pro se* complaints, which are held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013).

At this early stage of the proceedings, the Court is unable to gauge whether recruitment of counsel is appropriate. Therefore, Yonli's Motion for Assistance with Recruiting Counsel is **denied as premature**.

**D.**      **Notice Regarding Service of Process**

As of this date, there is no entry on the Court's docket indicating that Yonli has effectuated service upon the Defendant. Pursuant to Federal Rule of Civil Procedure 4(c), Yonli is responsible for having the Summons and Complaint served on the Defendant. The Court directs Yonli to Rule 4 and the other Federal Rules of Civil Procedure. Rule 4(m) explains,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m).

Yonli shall have through **Monday, July 29, 2024,**[2] to effectuate service upon the Defendant. Failure to do so will result in the dismissal of the action without prejudice for failure to prosecute and failure to comply with Court orders.

## II.      **CONCLUSION**

For the reasons explained above, Plaintiff's claims against Defendant Snyder's Lane, Inc. d/b/a Campbell's Snacks **SHALL PROCEED**. Plaintiff shall have through **Monday, July 29, 2024**, to effectuate service upon the Defendant.

---

[2] Ninety (90) days after April 29, 2024, when the Complaint was filed, is Sunday, July 28, 2024. Federal Rule of Civil Procedure 6 provides that when calculating a filing deadline, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. Pro. 6(a)(1). Monday, July 29, 2024, is the first non-holiday weekday following Sunday, July 28, 2024.

Plaintiff's Motion for Assistance with Recruiting Counsel (Dkt. 3) is **DENIED as premature**. Plaintiff may file a renewed motion requesting the Court's assistance in recruiting counsel as the case develops.

**SO ORDERED**.

Date: 5/13/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DIAMONO YONLI
3225 Holmans Lane Apt. 101
Jeffersonville, IN 47130